UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, <br><br> v. <br><br> **JOSEAN DOMENECH ROBLES,** Defendants. | Criminal No. 17-498 (JAG) |

## MOTION REQUESTING THAT DEFENDANTS BE PRECLUDED FROM ELICITING SELF-SERVING HEARSAY

The United States of America, through its undersigned counsel, respectfully moves pursuant to Federal Rule of Evidence 801(d)(2)(A) to preclude Defendant Josean Domenech-Robles from eliciting his own self-serving out-of-court statements during trial. Such self-serving statements are inadmissible because they constitute hearsay.

Hearsay is defined as a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. *See* Fed. R. Evid. 801(c)(1)-(2). Under Federal Rule of Evidence 801(d)(2)(A), a statement that is offered ***against*** an opposing party that was made by said party in an individual or representative capacity is not hearsay. Accordingly, the United States is entitled to offer a defendant's out-of-court statements against him at trial. *See* Fed. R. Evid. 801(d)(2)(A); *see also Old Chief v. United States*, 519 U.S. 172, 186 (1997) ("[A] defendant's admission is, of course, good evidence.").

The Federal Rules of Evidence do not, however, allow a defendant to introduce his own, self-serving out-of-court statements when offered to prove the truth of the matter asserted. *See, e.g.*, *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985) ("The requirement of Rule

1

801(d)(2)(A) that an admission be offered against a party is ***designed to exclude*** the introduction of self-serving statements by the party making them.") (emphasis added). Accordingly, the defendants may not introduce through any third party any of their statements denying knowledge of, or responsibility for, being a prohibited person in possession of a firearm. *See id*.

If they so desire, the defendants may exercise their constitutional right to testify in their own defense. *See Casiano-Jimenez v. United States*, 817 F.3d 816, 820 (1st Cir. 2016) ("[A] defendant's right to testify in his own defense is a fundamental constitutional right and is essential to due process of law in a fair adversary process.") (internal quotation marks and citation omitted). The Court should not, however, permit the defendants to elicit their own self-serving statements through third parties in a manner that would allow the defendants inappropriately to shield themselves from cross-examination.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 17th day of July, 2018.

ROSA EMILIA RODRIGUEZ VELEZ
UNITED STATES ATTORNEY

*s/ Omar A. Barroso-Rosario*
Omar A. Barroso-Rosario,
U.S.D.C.-PR G02709
Special Assistant United States Attorney
United States Attorney's Office
Torre Chardon, Suite 1201
350 Carlos Chardon Ave.
San Juan, Puerto Rico 00918

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Omar A. Barroso-Rosario*
Omar A. Barroso-Rosario
Special Assistant United States Attorney