# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**JOSEAN DOMENECH-ROBLES,**
Defendant.

CRIMINAL NO. 17-498 (JAG)

## GOVERNMENT'S MOTION *IN LIMINE*

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through the undersigned attorneys, and very respectfully submits this Motion *in Limine*:

**I.   Motion to Bar Defendant from Explaining Reasonable Doubt Standard During Closing Argument**

The government moves the Court to order the defense not to attempt to define the term "reasonable doubt" and argue the "reasonable doubt" standard during closing argument. The First Circuit has "repeatedly noted 'that reasonable doubt does not require definition.'" *United States v. Herman*, 848 F.3d 55, 57 (1st Cir. 2017), *cert. denied*, No. 16-8289, 2017 WL 959681 (U.S. Apr. 17, 2017) (*citing, United States v. Rodríguez–Cardona*, 924 F.2d 1148, 1160 (1st Cir. 1991)). The First Circuit has, therefore, "warned against attempts to define reasonable doubt noting that such attempts often result in further obfuscation of the concept." *United States v. Van Anh*, 523 F.3d 43, 58-59 (1st Cir. 2008).

"Reasonable doubt is a fundamental concept that does not easily lend itself to refinement or definition." *United States v. Vavlitis*, 9 F.3d 206, 212 (1st Cir. 1993); *see also United States v. Cassiere*, 4 F.3d 1006, 1024 (1st Cir. 1993) ("[A]n instruction which uses the words reasonable

doubt without further definition adequately apprises the jury of the proper burden of proof," (*quoting United States v. Olmstead*, 832 F.2d 642, 646 (1st Cir. 1987)): *United States v. Campbell*, 874 F.2d 838, 843 (1st Cir. 1989); *accord United States v. Taylor*, 997 F.2d 1551, 1558 (D.C. Cir. 1993) ("[T]he greatest wisdom may lie with the Fourth Circuit's and Seventh Circuit's instruction to leave to juries the task of deliberating the meaning of reasonable doubt."). The constitutionality of this practice was reaffirmed by the Supreme Court in *Victor v. Nebraska*, 511 U.S. 1, 5-6 (1994).

Accordingly, the Seventh Circuit has adopted as a standard that "reasonable doubt" should not be defined by counsel. *E.g., United States v. Anderson*, 303 F.3d 847, 857 (7th Cir. 2002); *United States v. Reynolds*, 64 F.3d 292, 298 (7th Cir. 1995). That is because any attempt to define the term "presents a risk without any real benefit"—that is, any definition of the term often leans toward "misleading refinements" that "weaken and make imprecise the existing phrase." *Reynolds*, 64 F.3d at 298; *United States v. Blackburn*, 992 F.2d 666, 668 (7th Cir. 1993) (noting that definitions of reasonable doubt have a likelihood of "confus[ing] juries more than the simple words themselves"). For these reasons, the Seventh Circuit has held that "it is improper for attorneys to attempt to define the term [reasonable doubt]." *United States v. Thompson*, 117 F.3d 1033, 1035 (7th Cir. 1999); *see also United States v. Clancy*, No. 96–3317, 1999 WL 265164, at *8 (7th Cir. 1999); *United States v. Bruce*, 109 F.3d 323, 329 (7th Cir.1997); *United States v. Alex Janows & Co.*, 2 F.3d 716, 722–23 (7th Cir. 1993) ("It seems simple enough; we admonish counsel, do not define 'reasonable doubt' to a jury."). Similarly, the First Circuit decisions "hold that 'reasonable doubt does not require definition.'... Rather, '[t]he term reasonable doubt itself has a self-evident meaning comprehensible to the lay juror,' and '[m]ost efforts at clarification result in further obfuscation of the concept.'" *United States v. Fields*, 660 F.3d 95, 97 (1st Cir. 2011) (citations omitted).

As indicated in the First Circuit Pattern Jury Instructions: "[t]he presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy the jury that the defendant is guilty of the crimes with which he is charged beyond a reasonable doubt. It is a heavy burden, <u>but the law does not require that the government prove guilt **beyond all possible doubt**</u>; proof beyond a reasonable doubt is sufficient to convict." *First Circuit Criminal Pattern Jury Instruction for the District Courts of the First Circuit* 3.01. (Updated by Chief District Judge Nancy Torresen as of 04/03/16), District of Maine Internet Site Edition. Allowing the defendant's Attorney to argue what he believes the reasonable doubt standard to be in this case could mislead the jury. The government, therefore, moves this Court to bar this line of argument at defendant's closing argument.

**WHEREFORE**, in view of the foregoing, the United States respectfully requests this Honorable Court order the defense not to attempt to define the term "reasonable doubt" and argue the "reasonable doubt" standard during closing argument.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on July 17, 2018.

**ROSA E. RODRIGUEZ-VELEZ**
United States Attorney

*s/ Omar A. Barroso-Rosario*
**Omar A. Barroso-Rosario**
Special Assistant U.S. Attorney
Assistant U.S. Attorney
350 Chardon Ave. #1201
Torre Chardon Suite 1201
Hato Rey, P.R. 00918
Tel. (787) 766-5656

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant as requested in the system.