|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JOSEAN DOMENECH-ROBLES,** <br> Defendant. | CRIMINAL NO. 17-498 (JAG) |

**MOTION SUBMITTING PROPOSED JURY INSTRUCTIONS**

The United States of America, through its undersigned counsel, respectfully requests that the following jury instructions, where not inconsistent with the evidence presented at trial, be given to the jury.[1]

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 17th day of July, 2018.

**ROSA EMILIA RODRIGUEZ-VELEZ
UNITED STATES ATTORNEY**

*/s/ Omar A. Barroso-Rosario*
Omar A. Barroso-Rosario
Special Assistant United States Attorney
United States Attorney's Office
350 Chardon Avenue, Suite 1201
San Juan, Puerto Rico 00918
Omar.barroso@usdoj.gov
Tel: (787) 766-5656

---

[1] Unless otherwise noted, the proposed jury instructions are taken from the 2017 Revisions to Pattern Criminal Jury Instructions for the First Circuit, District of Maine Edition (updated December 15, 2017 by Chief Judge Nancy Torresen), *available at* http://www.med.uscourts.gov/pdf/crpjilinks.pdf.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,

v.

**JOSEAN DOMENECH-ROBLES**
Defendant.

CRIMINAL NO. 17-498 (JAG)

---

## UNITED STATES OF AMERICA'S PROPOSED JURY INSTRUCTIONS

---

**ROSA EMILIA RODRIGUEZ-VELEZ**
**UNITED STATES ATTORNEY**

*/s/ Omar A. Barroso-Rosario*
Omar A. Barroso-Rosario
Special Assistant United States Attorney
United States Attorney's Office
350 Chardon Avenue, Suite 1201
San Juan, Puerto Rico 00918
Omar.barroso@usdoj.gov
Tel: (787) 766-5656

## JURY INSTRUCTION NO. 1
### Duty of the Jury to Find Facts and Follow Law

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return— that is a matter entirely for you to decide.

Pattern Jury Instructions for the First Circuit, Instruction 3.01.

## JURY INSTRUCTION NO. 2
## Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendants before you, have the benefit of that presumption throughout the trial, and you are not to convict them of a particular charge unless you are persuaded of their guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that defendants are guilty of the crime with which they are charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to defendants. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Defendants have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against them.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of defendant's guilt of a particular crime, you should vote to convict him.

Pattern Jury Instructions for the First Circuit, Instruction 3.02.

**JURY INSTRUCTION NO. 3**
**What is Evidence; Inferences**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and defendants accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Pattern Jury Instructions for the First Circuit, Instruction 3.04.

**JURY INSTRUCTION NO. 4**
**Defendant's Constitutional Right Not to Testify**

A defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that he did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Pattern Jury Instructions for the First Circuit, Instruction 3.03.

**JURY INSTRUCTION NO. 5**
**Kinds of Evidence: Direct and Circumstantial**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions for the First Circuit, Instruction 3.05.

## JURY INSTRUCTION NO. 6
## What Is Not Evidence

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that Edgardo Perez Negron has had an indictment filed against him is no evidence whatsoever of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

Pattern Jury Instructions for the First Circuit, Instruction 3.08.

**JURY INSTRUCTION NO. 7**
**Number of Witnesses and Their Credibility**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as a witness's conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Pattern Jury Instructions for the First Circuit, Instruction 3.06.

**JURY INSTRUCTION NO. 8**
**Cautionary and Limiting Instructions as to Particular Kinds of Evidence**

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

Pattern Jury Instructions for the First Circuit, Instruction 3.07.

## JURY INSTRUCTION NO. 9
## Weighing the Testimony of an Expert Witness

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Pattern Jury Instructions for the First Circuit, Instruction 2.07.

**Indictment**

**THE GRAND JURY CHARGES**

## COUNT ONE
**Convicted Felon in Possession of Firearms and Rounds of Ammunition**
(Title 18, United States Code, Section 922(g)(1))

On or about August 11th, 2017, in the District of Puerto Rico, and within the jurisdiction of this Court,

### JOSEAN DOMENECH-ROBLES,

the defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate or foreign commerce, firearms and ammunition, as those terms are defined in Title 18, United States Code, Sections 921(a)(3) and 17(a) respectively, that is, a Smith & Wesson pistol with an obliterated serial number and obliterated model loaded with fifteen rounds of 9 mm caliber ammunition, said firearm and ammunition having been shipped and transported in interstate or foreign commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TWO
**Illegal Possession of a Firearm with an Obliterated Serial Number**
(Title 18, United States Code, Sections 922(k) and 924(a)(1)(B))

On or about August 11, 2017, in the District of Puerto Rico, and within the jurisdiction of this Court,

### JOSEAN DOMENECH-ROBLES,

the defendant herein, did knowingly possess in and affecting interstate or foreign commerce, a firearm, as that term is defined in Title 18, United States Code, Section 921(a)(3) that is, a Smith & Wesson 9mm pistol from which the manufacturers serial number and model had been removed, altered and obliterated, said firearm having been shipped and transported in interstate or foreign commerce in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

**JURY INSTRUCTION NO. 11**
**Essential Elements of the Offense**

**<u>Elements of Count One – Felon in Possession of a Firearm and Ammunition</u>**

JOSEAN DOMENECH ROBLES is charged with possessing firearms and rounds of ammunition after having been convicted of a crime punishable by imprisonment for more than one year. It is against federal law for a convicted felon to possess a firearm or ammunition that had traveled in interstate or foreign commerce at some point of its existence.

For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

**First**, that the defendant had been convicted of a crime which is punishable by imprisonment for a term exceeding one year before August 11, 2017.

**Second**, that the defendant knowingly possessed any firearm or round of ammunition described in the indictment. Although you must unanimously find that the defendant possessed a firearm or a round of ammunition to convict him of the offense charged in count one of the superseding indictment, you need not reach unanimous agreement as to which firearm or round of ammunition he possessed.

**Third**, that the firearms or rounds of ammunition are connected with interstate or foreign commerce. This means that the firearms or rounds of ammunition, at any time after their manufacture, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while the defendant possessed the firearms or the rounds of ammunition.

The government does not have to prove that the defendant knew that his conduct was illegal.

13

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident. The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. A person must have actual knowledge of the weapon in order to have constructive possession of it. Briefness of contact alone does not preclude a finding of possession. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

Possession also includes both sole and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

Pattern Jury Instructions for the First Circuit, Instruction 4.18.922(g); *United States v. Ingram*, No. 02-10360, 2003 U.S. Dist. LEXIS 15913, at *15 (D. Mass. Sept. 12, 2003) ("Where a felon is charged with possession of a firearm, the jury need not agree as to the particular firearm possessed as long as the element of possession is unanimously agreed upon.") (citing *United States v. Verrecchia*, 196 F.3d 294, 299 (1st Cir. 1999); *see also* Pattern Jury Instructions, First Circuit 4.18.922(g) cmt. 4 ("Possession of multiple firearms and/or ammunition in one place at one time constitutes only a single offense under 18 U.S.C. § 922(g). In such a multiple weapons case, no instruction requiring jury unanimity on any particular firearm is required.") (internal citation omitted).

## Elements of Count Two- Possession of a firearm with an obliterated serial number

JOSEAN DOMENECH ROBLES is charged with possessing a firearm in or affecting commerce with an obliterated or removed serial number. It is against federal law to possess a firearm with an obliterated or removed serial number that has been connected with interstate [or foreign] commerce. For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

**First**, that defendant knowingly possessed the firearm described in the Indictment;

**Second**, that the serial number was removed, obliterated or altered at the time defendant possessed the firearm; and

**Third**, that the firearm was connected with interstate or foreign commerce. This means that the firearm, at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while defendant possessed the firearm.

The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession.

[Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise

control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.]

Pattern Jury Instructions for the First Circuit, Instructions 4.18.922(k)

**JURY INSTRUCTION NO. 12**
**Definition of Knowingly, Intentionally, and "On or About"**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, and not because of mistake or accident.

To act "intentionally" or "willfully" means to act voluntarily and intelligently with the specific intent that the underlying crime be committed—that is to say, with a bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.

You will note that the indictment charges that the offenses were committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

Pattern Jury Instructions for the First Circuit, Instructions 2.15; 2.17.

## JURY INSTRUCTION NO. 13
### Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be; that is entirely for you to decide.

Pattern Jury Instructions for the First Circuit, Instruction 6.02

## JURY INSTRUCTION NO. 14
## Testing Procedures

You may make reasonable inferences from the fact that certain tests were not conducted, or that certain investigative techniques were not used. Any such inferences, however, should not be based on unfounded speculation or conjecture about what the results of such tests or techniques might have been. There is no legal requirement that the government use any specific investigative tests or techniques or all possible tests or techniques to prove its case. Your concern is to determine whether the evidence admitted during this trial proves the defendant's guilt beyond a reasonable doubt.

Pattern Jury Instructions for the First Circuit, Instruction 2.23; *see also United States v. Gonzalez-Seda*, Crim. No. 15-440 (FAB), Final Jury Instructions (D.P.R. ECF No. 186) (Besosa, J.).

# JURY INSTRUCTION NO. 15
## Evidence of Prior Bad Acts

You have heard evidence that the defendant previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of the defendant's character, the defendant carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in count one of the indictment.

Pattern Jury Instructions for the First Circuit, Instruction 2.06.

## JURY INSTRUCTION NO. 16
### Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Pattern Jury Instructions for the First Circuit, Instruction 6.03.

## JURY INSTRUCTION NO. 17
### Unanimity

I come now to the last part of the instructions, the rules for your deliberations.  When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

Pattern Jury Instructions for the First Circuit, Instruction 6.01.

**JURY INSTRUCTION NO. 18**
**Return of Verdict Form**

I want to read you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.  There is one verdict form in this case.

[READ FORMS]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.  After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

<u>Pattern Jury Instructions for the First Circuit</u>, Instruction 6.04.

**JURY INSTRUCTION NO. 19**
**Communications with the Court**

One last thing: If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me on anything concerning the case except by signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone including me how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions for the First Circuit, Instruction 6.05.

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,
Plaintiff,

              v.

CRIMINAL NO. 17-498 (FAB)

**JOSEAN DOMENECH-ROBLES,**
Defendant.

## JURY VERDICT FORM

**As to Count One: Convicted Felon in Possession of Firearms and Ammunition**

We the jury find the defendant, JOSEAN DOMENECH-ROBLES

_____ GUILTY                               _____ NOT GUILTY

_____ at _____ AM/PM        _____
     Date                                      FOREPERSON'S SIGNATURE

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of July, 2018.

**ROSA EMILIA RODRIGUEZ-VELEZ**
**UNITED STATES ATTORNEY**

*/s/ Omar A. Barroso-Rosario*
Omar A. Barroso-Rosario
Special Assistant United States Attorney
United States Attorney's Office
350 C. Chardon Avenue, Suite 1201
San Juan, Puerto Rico 00918
Omar.barroso@usdoj.gov
Tel: (787) 766-5656

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the defendant.

*/s/Omar A. Barroso-Rosario*
Omar A. Barroso-Rosario
Assistant United States Attorney