FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
*Plaintiff*,

vs.

CRIMINAL NO. 17-498 (JAG)

JOSEAN DOMENECH-ROBLES,
*Defendant*.

PROPOSED JURY INSTRUCTIONS

Josean Domenech-Robles ("Mr. Domenech-Robles") represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, respectfully requests that the following instructions be given to the jury at trial.

The defense requests the following pattern instructions, provided by the District of Maine's 2017 Revisions to the First Circuit Pattern Criminal Jury Instructions be given to the jury:

a) 1.01 Duties of Jury
b) 1.02 Nature of Indictment; Presumption of Innocence
c) 1.04 Preliminary Statement of Elements of Crime
d) 1.05 Evidence; Objections; Rulings; Bench Conferences
e) 1.06 Credibility of Witnesses
f) 1.07 Conduct of Jury
g) 1.08 Notetaking
h) 1.09 Outline of the Trial
i) 2.03 Impeachment by Prior Inconsistent Statement
j) 2.07 Weighing the Testimony of an Expert Witness
k) 2.12 Missing Witness
l) 2.15 Definition of "Knowingly"
m) 2.19 Character Evidence
n) 3.01 Duty of the Jury to Find Facts and Follow Law
o) 3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt
p) 3.03 Defendant's Constitutional Right Not to Testify
q) 3.05 Kinds of Evidence: Direct and Circumstantial

r)  3.06 Credibility of Witnesses

s)  3.07 Cautionary and Limiting Instructions as to Particular Kinds of Evidence

t)  3.08 What Is Not Evidence

In addition to the pattern jury instructions, the defense requests the following instructions also be given to the jury:

a) **Law Enforcement Witnesses**[1]

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be covered by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

b) **Possession of a firearm by a convicted felon, 18 USC § 922(g)(1)**[2]

Mr. Domenech-Robles is charged with possessing a firearms after having been convicted of a felony. It is against federal law to possess a firearms after having been convicted of a felony. For you to fin Mr. Domenech-Robles guilt of this crime you must be satisfied that the government has proven beyond a reasonable doubt that:

First, The parties have stipulated that Mr. Domenech-Robles has been convicted of a crime which is punishable by imprisonment for a term exceeding one year. You are to take that fact as proven.

---

[1] Third Circuit, Model Criminal Jury Instructions, Instruction 4.18 (2017).
[2] Maine's 2017 Revisions to the First Circuit Pattern Criminal Jury Instructions (with modifications).

Second, that on August 11, 2017, Mr. Domenech-Robles knowingly possessed the firearm described in the indictment.

Third, that the firearm described in the indictment was connected with interstate [or foreign] commerce. This means that the firearm, at any time after it was manufactured, moved from one state to another [or from a foreign country into the United States]. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful activity and need not have occurred while Mr. Domenech-Robles possessed it.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident. Knowledge *must* be fairly inferable from the circumstances, and mere presence with or proximity to a machinegun, or association with another who possess a machinegun, is not enough.[3]

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership. The law recognizes different kinds of possession.

The term "felony" means a conviction, in a court of the United States, for a crime punishable by a term of imprisonment exceeding one year

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. A person must have actual knowledge of the weapon in order to have constructive possession of it. Briefness of contact alone does not preclude a finding of possession. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

On the other hand, mere presence with or proximity to a firearm, or association with another who possesses a firearms, are not enough to prove constructive possession. Instead, the government must show some action, some word, or some conduct that links the individual to

---

[3] *United States v. Ridolfi*, 768 F.3d 57, 62 (1st Cir. 2014).

the contraband and indicates that he had some stake in it, some power over it.[4] Therefore, you cannot find Mr. Domenech-Robles in possession of any item unless it is proved beyond a reasonable doubt that he had direct physical control or authority over the item, or knowingly controlled and intended to control it.[5]

### c) Possession of a firearm with an obliterated serial number, in violation of , 18 USC § 922(k)[6]

First, Mr. Domenech-Robles knowingly possessed the firearm described in the indictment;

Second, the serial number of the firearms described in the indictment, had been removed, obliterated or altered; and

Third, the Mr. Domenech-Robles knew that the serial number had been removed, obliterated or altered.

A serial number is "altered" if the serial number is changed in a manner that makes it appreciably more difficult to discern; it need not make tracing the gun impossible or extraordinarily difficult. *United States v. Carter*, 421 F.3d 909, 916 (9th Cir.2005)

### d) Attorney Interviewing Witness[7]
It is proper for an attorney to interview any witness in preparation for trial.[8]

### e) Defense Theory[9]

---

[4] *United States v. Rodriguez-Lozada*, 558 F.3d 29, (1st Cir. 2009).
[5] *United States v. Jenkins*, 90 F.3d 814 (3rd Cir. 1996).
[6] 9th Circuit, Model Criminal Jury Instructions, Instruction 8.68 (2010).
[7] 7th Circuit Model Criminal Jury Instructions, 1.07 (2017) (citing the ABA Standards "it is not only proper but it may be the duty if the prosecutor and defense counsel to interview any person who may be called as a witness in the case[.]")
[8] Mr. Domenech-Robles will only request this instruction if there is testimony by defense witnesses regarding prior interviews.
[9] 6th Circuit Model Criminal Jury Instructions, 6.01 (2017).

Mr. Domenech-Robles requests that the Court allow him to reserve the right to request a theory of defense instruction at the close of trial should sufficient evidence be presented at trial to warrant such an instruction.[10]

**WHEREFORE**, Mr. Domenech-Robles respectfully requests that the Court take notice of the proposed instructions and include then in the Court's instructions to the jury.

**I HEREBY CERTIFY** that on this date I electronically filed the present notice with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this July 17, 2018.

**ERIC A. VOS, ESQ.**
**Federal Public Defender**
**District of Puerto Rico**
S/JUAN J. MICHELEN
Assistant Federal Public Defender,
USDC-PR G02601
241 F.D. Roosevelt Avenue
San Juan, PR 00918-2305
Phone No. (787) 281-4922
Juan_Michelen@fd.org

---

[10] *United States v. Rodriguez*, 858 F.2d 809, 812 (1st Cir. 1988); *United States v. Powers*, 702 F.3d 1, 8 (1st Cir. 2012)("It is a basic tenet of criminal law that a defendant is entitled to an instruction on his theory of defense provided that the theory is a legally valid one and there is evidence in the record to support it.").