# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>               v.<br><br>JOSEAN DOMENECH-ROBLES<br>    Defendant. | CRIMINAL NO. 17-498 (JAG) |

**DEFENDANT'S OMNIBUS RESPONSE TO THE GOVERNMENT'S MOTIONS IN LIMINE AT DOCKET ENTRY 32 & 39.**

Jorge Domenech-Robles represented by the Federal Public Defender of the District of Puerto Rico, by the undersigned attorney respectfully moves this Court to deny the governments motions in limine at D.E. 32 and 39.

## I.  The Government's Request to Preclude Hearsay Evidence is Premature and Should be Denied.

On July 17, 2018, the government filed a motion in limine arguing the Court should preemptively exclude Mr. Domenech-Robles' statement made to police on the night of his arrest. D.E. 32. The government's theory of prosecution rests on the assertion that Mr. Domenech-Robles threw a gun from a car. See D.E. 1. Following his arrest Mr. Domenech-Robles explained to Agent Paduil Torres that he did not have a gun in his possession, nor had he thrown anything from the vehicle.

Mr. Domenech-Robles is cognizant of the Federal Rule of Evidence's definition of hearsay and the Rules general ban on hearsay testimony. However, the government's request to exclude Mr. Domenech-Robles' statement is premature, and discounts both exclusions to the hearsay rule as well as non-hearsay reasons for admission.

For instance, should Mr. Domenech-Robles choose to testify on his own behalf and the government attacks his credibility, the prior consistent statement—that he never possessed a gun and nothing was thrown from the car—would be admissible under Federal Rule of Evidence 801 (d)(1).  As such, the government's request to exclude this statement is premature, and should be made at trial, if Mr. Domenech-Robles seeks to enter his prior statement for the truth of the matter asserted.

## II. The Government's Request to Bar Mr. Domenech From Both Arguing and Defining the Reasonable Doubt Standard Should be Denied.

In their second motion in limine, the government, asks the Court to preclude the defense from, "defin[ing] the term 'reasonable doubt' *and* argu[ing] the 'reasonable doubt' standard during closing argument." D.E. 39. *Emphasis added*. The defense objects to any such ruling. The right to effective assistance of counsel extends to closing arguments. *Knight v. Spencer*, 447 F.3d 6 (1ST Cir. 2006). Obviously, the law does not permit counsel for either party to misstate the law, and the defense does not intend to do so.

In support of its request to preclude the defense from arguing the reasonable doubt standard, the government cites First and Seventh circuit cases. None of the cases stand for the proposition that defense counsel should be barred from *arguing* the reasonable doubt standard. And how could they? The ultimate question, at the end of the case, will be whether the government has proven each element of the crime charged, beyond a reasonable doubt. None of the First Circuit cases cited support the contention that the defense should be barred from arguing or defining the reasonable doubt standard. Instead, the cases consider challenges to the district courts jury instructions. See *United States v. Rodriguez-Cardona*, 924 F.2d 1148, 1160 (1st Cir. 1991); *United States v. Herman*, 848 F.3d 55, 57 (1st Cir.), *cert. denied*, 137 S. Ct. 1603, 197 L. Ed. 2d 728 (2017).

As noted by the government, the First Circuit has a pattern jury instruction[1] that the Court will likely use as the end of the case. Either party should be free to make reference to the Court's jury instructions during its closing arguments and argue that the reasonable doubt standard has or has not been met. Moreover, the government, in its proposed jury instructions, filed at docket 40, suggests the following language be included in the court's instruction on the reasonable doubt standard:

> Defendants have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against them.

D.E. 40. Suggesting such language, and then requesting the Court order the defense not to argue reasonable doubt is contradictory, to say the least.

---

1 First Circuit Model Jury Instruction 3.02 (2016).

The government, in its motion, states that, "[a]llowing the defendant's [a]ttorney to argue what he believes the reasonable doubt standard to be in this case could mislead the jury." It should be noted that defense counsel, and counsel for the government, have never discussed what defense counsel "believes" the reasonable doubt standard is. Defense counsel does not intend to misstate the law, but to request that defense counsel not address the reasonable doubt standard in closing arguments is asking counsel to provide ineffective assistance of counsel. The Supreme Court itself said that "the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Victor v. Nebraska,* 511 U.S. 1, 5 (1994).

Further, the government's argument that the Seventh Circuit has "adopted a standard that reasonable doubt should not be defined by counsel," and it's attempts to persuade this Court, to not only to follow such a standard, but to extend it to bar the defense from "arguing" reasonable doubt is without merit. As a preliminary matter, the case the government cites for this proposition, *Anderson*, does not announce a rule that either bars the argument or definition of reasonable doubt during closing arguments. *See United States v. Anderson*, 303 F.3d 847, 857 (7th Cir. 2002). The *Anderson* Court, in a plain error review of the prosecutions improper closing arguments notes, "where statement was invited by defense counsel's own improper attempt to define reasonable doubt standard during closing argument, and defendant did not establish any way in which statement could have altered outcome of trial. *Id.*

Similarly, the decision in *United States v. Reynolds*, 64 F.3d 292, 298 (7th Cir. 1995), also cited by the government, does not stand for the proposition that reasonable doubt should not be argued by counsel. Instead, the court in that case, simply held that, "[i]t was not an abuse of discretion for court to decline to define reasonable doubt for jury." *Id*.

The government seeks to limit the defense's closing argument by precluding it from addressing the ultimate issue in this case: whether or not the government will have proven its case, beyond a reasonable doubt. Mr. Domenech-Robles' liberty is at stake. The gravity of the government's request cannot be understated. The Supreme Court, in discussing closing arguments, has stated:

> [t]he very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and the innocent go free. In a criminal trial, which is in the end basically a fact finding process, no aspect of such

advocacy could be more important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment.

*Herring v. New York*, 422 U.S. 853, 862, 1975. As such, this Court should deny the government's request to bar the defense from arguing and defining the reasonable doubt standard during closing arguments.

**WHEREFORE**, Mr. Domenech-Robles respectfully requests the court deny the government's motions in limine at docket entries 32 and 39.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, July 19, 2018.

        **ERIC A. VOS, ESQ.**
        **Federal Public Defender**
        **District of Puerto Rico**

        S/JUAN J. MICHELEN
        Juan J. Michelen,
        Assistant Federal Public Defender,
        USDC-PR G02601
        241 F.D. Roosevelt Avenue
        San Juan, PR  00918-2305
        Phone No. (787) 281-4922
        Juan_Michelen@fd.org