IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
*Plaintiff,*

vs.

CRIMINAL NO. 17-498 (JAG)

JOSEAN DOMENECH-ROBLES,
*Defendant.*

## RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENA

Josean Domenech-Robles, represented by the Federal Public Defender for the District of Puerto Rico, through the undersigned attorney, respectfully states:

### Introduction

The government argues (1) the defense's request is overly broad and insufficiently specific to satisfy the *Touhy* regulations, and (2) the subpoena seeks testimony that would be inadmissible as collateral impeachment.

Mr. Domenech-Robles opposes the government's motion to quash. Contrary to the government's assertions, the request and subpoena served on Agent Torres complied with the *Touhy* regulations. What is more, Agent Torres's testimony is both relevant and admissible. His testimony comprises the bulk of the discovery provided to the defense. The government's sole version of events, as told to the defense, comes from Agent Torres' three Reports of Investigation. For these reasons, the government's motion to quash should be denied.

### Discussion

Agent Torres is the case agent in this case. His testimony concerns the ATF's receipt of information relayed to them by Police of Puerto Rico officers about the stop and arrest of Mr. Domenech-Robles on August 11, 2017. Agent Torres prepared an affidavit in support of a criminal complaint to support the prosecution in this case.

According to the affidavit, Puerto Rico Police officer Eduardo Hernandez Quinones attempted to pull over the car Mr. Domenech-Robles was a passenger in. The car did not stop and a chase ensued. Then, Officer Hernandez-Quinones told ATF Agent Torres that he witness the passenger of the vehicle throw a gun from the car.

As part of his investigation of this case, Agent Torres met with and interviewed the all Puerto Rico Police officers, and the driver and passenger involved in the intervention.

**I.     Mr. Domenech-Robles's request complied with the *Touhy* regulations.**

Federal regulations – called *"Touhy* regulations – require the ATF to consider a number of factors in deciding whether to comply with a subpoena requesting the testimony of an agent. 28 C.F.R. §§ 16.21-16.26. The ATF must consider (1) whether the requested disclosure is appropriate under the governing rules of procedure, and (2) whether the disclosure is appropriate under the relevant substantive law governing privilege. 28 C.F.R. § 16.26 (a). The ATF regulations provide that no response will be made to a demand where, among other concerns, disclosure would reveal classified information, a confidential source or informant, or investigatory records compiled for law enforcement purposes. 28 C.F.R. § 16.26 (b).

The subpoena of Agent Torres does not violate any of these regulations or offend any of these factors. Compliance is appropriate in light of the relevant procedural and substantive law, it would not violate any laws or regulations, and it does not compel Agent Torres to reveal classified information or the identities of confidential sources.

Rather, Agent Torres's testimony pertains to *his* role in the investigation of this case, and touches on information essential to a determination of guilt. There is no legitimate reason to refuse compliance with the subpoena.

**II.    Agent Torres's testimony is admissible.**

The government incorrectly claims that the testimony sought would be inadmissible as collateral impeachment. The First Circuit recently clarified Federal Rule of Evidence 608 as it applies to extrinsic evidence offered for general impeachment purposes in *United States v. Delgado-Marrero*, 744 F.3d 167 (1st Cir. 2014), roundly rejecting an argument similar to the one the government makes here.

Federal Rule of Evidence 608 prohibits the admission of extrinsic evidence "to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). This rule, as amended, intended to "exclude extrinsic evidence of a witness's general propensity for honesty and truth, rather than particular instances of honesty or dishonesty used for other non-propensity purposes." *United States v. Delgado-Marrero*, 744 F.3d 167, 179 (1st Cir. 2014) (citing advisory committee's note to Fed. R. Evid. 608(b)). "Rule 608(b) was thus amended to do away with the mistaken notion that

its reach extended to extrinsic evidence offered for general impeachment purposes, such as, for example, contradictions, prior inconsistent statements, bias, or mental capacity." *Id.*

The First Circuit noted that after Rule 608(b)'s amendment, courts routinely find it inapplicable to general impeachment evidence. *Id.* (citing *United States v. Taylor,* 426 Fed.Appx. 702, 706 (11th Cir.2011) (per curiam) (holding that Rule 608(b) did not bar testimony that contradicted defendant's story); *United States v. Skelton,* 514 F.3d 433, 441–42 (5th Cir.2008) (stating that Rule 608(b) is inapplicable in determining the admissibility of evidence introduced to contradict a witness's testimony as to a material issue); *United States v. Magallanez,* 408 F.3d 672, 680–81 (10th Cir.2005) (holding Rule 608(b) inapplicable because "the evidence was introduced not to 'attack' the witness's 'character'" but to demonstrate that a statement made during direct examination was false)).

In this case, Agent Torres's testimony will not be offered for the collateral impeachment purpose of proving specific instances of a witness's conduct in order to attack his character for truthfulness, as explicitly prohibited by Rule 608(b). Rather, if offered, it will be for the permissible purpose of general impeachment, such as establishing prior inconsistent statements, or contradictions.

As a result, the testimony sought is admissible. As explained above, the substance of the testimony is relevant and admissible. What is more, to the extent it is offered for impeachment purposes it is admissible under Rule 608(b).

**Conclusion**

In conclusion, Mr. Domenech-Robles's subpoena requesting the testimony of Agent Torres complies with the *Touhy* regulations and seeks testimony that is relevant, essential, and admissible to the suppression proceeding. As a result, Mr. Domenech-Robles asks the Court to DENY the government's motion to quash, and to order Agent Torres's appearance at tomorrow's suppression hearing.

**WHEREFORE**, Mr. Domenech-Robles respectfully requests that the Court DENY the government's motion to quash.

**I HEREBY CERTIFY** that on this date I electronically filed the present notice with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, July 20, 2018

**ERIC A. VOS, ESQ.**
**Federal Public Defender**
**District of Puerto Rico**

S/Juan J. Michelen
Juan J. Michelen,
Assistant Federal Public Defender,
USDC-PR G02601
241 F.D. Roosevelt Avenue
San Juan, PR 00918-2305
Phone No. (787) 281-4922
Juan_Michelen@fd.org