# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**,

           v.

JOSEAN DOMENECH-ROBLES,

    **Defendant**.

CRIM. NO. 17-498 (JAG)

---

## JURY INSTRUCTIONS

---

## TABLE OF CONTENTS

1. Duty of the Jury to Find the Facts and Follow the Law .......................................... 3
2. Presumption of Innocence; Proof Beyond a Reasonable Doubt ......................... 4
3. What is Evidence; Inferences ...................................................................................... 5
4. Kinds of Evidence: Direct and Circumstantial ...................................................... 6
5. What is Not Evidence ..................................................................................................... 7
6. Stipulation ......................................................................................................................... 8
7. Number of Witnesses; Credibility of Witnesses .................................................... 9
8. Cautionary and Limiting Instructions as to Particular Kinds of Evidence .... 10
9. Cautionary Instructions as to Testimony of Law Enforcement Officers ......... 11
10. Weighing the Testimony of an Expert Witness ..................................................... 12
11. Impeachment by Prior Inconsistent Statement ..................................................... 13
12. Attorney Interviewing Witnesses .............................................................................. 14
13. Defendant's Right not to testify ................................................................................. 15
14. Testing Procedures and Failure to Conduct Certain Tests .............................. 16
15. Judge's Questions ........................................................................................................... 17
16. Judge's Comments to Counsel .................................................................................... 18
17. Notetaking ......................................................................................................................... 19
18. Indictment ......................................................................................................................... 20
19. Relevant Statutes ............................................................................................................. 22
20. Elements of the Offense – 18 U.S.C. § 922(G)(1) ................................................ 23
21. Elements of the Offense – 18 U.S.C. § 922(K) ...................................................... 25
22. "On or About" Explained .............................................................................................. 27
23. Foreperson's Role; Unanimity .................................................................................... 28
24. Consideration of the Evidence .................................................................................... 29
25. Consider Each Count Separately ................................................................................ 30
26. Duty to Deliberate ........................................................................................................... 31
27. Reaching Agreement ....................................................................................................... 32
28. Communications with the Court .................................................................................. 33
29. Return of Verdict Form .................................................................................................. 34

# 1. DUTY OF THE JURY TO FIND THE FACTS AND FOLLOW THE LAW

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

## 2. PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the utmost importance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The Defendant before you, **Josean Domenech-Robles**, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Defendant's guilt of a particular crime, it is your duty to acquit him of those crimes. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Defendant's guilt of a particular crime, you should find him guilty of those crimes.

### 3.    WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.

Although you may consider only the evidence presented in the case, you are not limited to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in light of common sense and personal experience.

## 4. KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did or felt. Circumstantial evidence is indirect evidence; that is, proof of one or more facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. Let me give you an example. Suppose you wake up one morning and see that it is a bright and sunny day. When you go out to get the newspaper, however, you notice that the street and the sidewalk are wet. From those facts, you may infer that it rained during the night.

You are entitled to consider both kinds of evidence, direct and circumstantial. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

### 5.　WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

(1)　Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to  help you interpret the evidence, but it is not evidence. If the facts as you remember them from the  evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)　Questions and objections by lawyers are not evidence. Lawyers have a duty to their  clients to object when they believe a question is improper under the rules of evidence. You should  not be influenced by the objection or by my ruling on it.

(3)　Anything that I have excluded from evidence or ordered stricken and instructed you  to disregard is not evidence. You must not consider such items.

(4)　Anything you may have seen or heard when the court was not in session is not  evidence. You are to decide the case solely on the evidence received at trial.

(5)　The Indictment is not evidence. This case, like most criminal cases, began with an Indictment. That Indictment was returned by a grand jury, which heard only the government's side  of the case. The government need not present the entire case to the grand jury. I caution you, as  I have before, that the fact that the defendant had an Indictment filed against him is no evidence whatsoever of his guilt. The Indictment is simply an accusation. It is the means by  which the allegations and charges of the government are brought before this court. The Indictment proves nothing.

### 6.    STIPULATION

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact, to be given whatever weight you choose.

STIPULATION REGARDING DEFENDANT'S PRIOR FELONY CONVICTION: It is hereby stipulated and agreed by the undersigned parties that prior to August 11, 2017, Defendant **Josean Domenech-Robles** had been convicted in a court of the United States of a crime punishable by a term of imprisonment exceeding one year, a required element of the offense. No further evidence will be necessary to this effect—that is, the jury is to accept this stipulation as a proven fact.

## 7.    NUMBER OF WITNESSES; CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as a witness's conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

## 8. CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose.

You have heard several witnesses testify as to what other people told them. Those statements were admitted for the limited purpose of what was said and for its effect on the listener. They were not admitted as conveying the truth of the statement.

9. CAUTIONARY INSTRUCTIONS AS TO TESTIMONY OF LAW ENFORCEMENT OFFICERS

You have heard the testimony of law enforcement officers. The fact that the witness is employed by the government does not mean that his or her testimony necessarily deserves more or less consideration, or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the ground that his or her testimony may be covered by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves. You are to judge the credibility of all witnesses fairly and reasonably, and you are to consider any interest whatever that each of them may have in the outcome of the case in determining the weight to be given to their testimony.

## 10. WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You have heard testimony from Special Agent Burgos, a person described as an expert. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

## 11.    IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

You have heard evidence that before testifying at this trial, Agent Hernandez made a statement concerning the same subject matter as his testimony in this trial. You may consider that earlier statement to help you decide how much of Agent Hernandez's testimony to believe. If you find that the prior statement was not consistent with Agent Hernandez's testimony at this trial, then you should decide whether that affects the believability of his testimony at this trial.

## 12.  ATTORNEY INTERVIEWING WITNESSES

It is not only proper but it may be the duty of both the prosecutors and defense counsel to interview any person who may be called as a witness in preparation for trial.

### 13.    DEFENDANT'S RIGHT NOT TO TESTIFY

A defendant has a constitutional right not to testify, and no inference of guilt or anything else may be drawn from the fact that a defendant did not testify. For any of you to draw such an inference will be wrong; indeed it would be a violation of your oath as a juror.

14. TESTING PROCEDURES AND FAILURE TO CONDUCT CERTAIN TESTS

You may make reasonable inferences from the fact that certain tests were not conducted, or that certain investigative techniques were not used. Any such inferences, however, should not be based on unfounded speculation or conjecture about what the results of such tests or techniques might have been. There is no legal requirement that the government use any specific investigative tests or techniques or all possible tests or techniques to prove its case. Your concern is to determine whether the evidence admitted during this trial proves the defendant's guilt beyond a reasonable doubt.

## 15.    JUDGE'S QUESTIONS

During the course of a trial, I occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions are related. The Court may ask questions simply to clarify a matter—not to help one side of the case or hurt another side. Remember at all times that you, as jurors, are at liberty to  disregard all comments of the Court in arriving at your own findings as to the facts.

## 16. JUDGE'S COMMENTS TO COUNSEL

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure. You are to draw absolutely no inference against the side to which an admonition of the Court may have been addressed during the trial of this case.

## 17.    NOTETAKING

The Court allowed you to take notes in this case. However, please remember that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in your notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Remember that your notes are for your own personal use—they are not to be given or read to anyone else.

18.    INDICTMENT

The Indictment reads as follows:

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>

**Prohibited Person in Possession of Firearm: Convicted Felon**
**(18 U.S.C. § 922(g)(1))**

On or about August 11th, 2017, in the District of Puerto Rico, and within the jurisdiction of this Court,

**JOSEAN DOMENECH-ROBLES,**

the defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate or foreign commerce, firearms and ammunition, as those terms are defined in Title 18, <u>United States Code</u>, Sections 921(a)(3) and 17(a) respectively, that is, a Smith & Wesson pistol with an obliterated serial number and obliterated model loaded with fifteen rounds of 9 mm caliber ammunition, said firearm and ammunition having been shipped and transported in interstate or foreign commerce; in violation of Title 18, <u>United States Code</u>, Sections 922(g)(1) and 924(a)(2).

<u>COUNT TWO</u>

**Illegal Possession of a Firearm with an Obliterated Serial Number**
**(18 U.S.C. § 922(k))**

On or about August 11, 2017, in the District of Puerto Rico, and within the jurisdiction of this Court,

**JOSEAN DOMENECH-ROBLES,**

the defendant herein, did knowingly possess in and affecting interstate or foreign commerce, a firearm, as that term is defined in Title 18, <u>United States Code</u>, Section

921(a)(3) that is, a Smith & Wesson 9mm pistol from which the manufacturers serial number and model had been removed, altered and obliterated, said firearm having been shipped and transported in interstate or foreign commerce in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

19.    RELEVANT STATUTES

The Indictment alleges that Defendant violated the following statutes:

**18 U.S.C. § 922(g)(1)**

"It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

**18 U.S.C. § 922(k)**

"It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce."

## 20.    ELEMENTS OF THE OFFENSE – 18 U.S.C. § 922(G)(1)

Defendant **Josean Domenech-Robles** is charged with possessing a firearm and rounds of ammunition after having been convicted of a crime punishable by imprisonment for more than one year, i.e. a felony. It is against federal law for a convicted felon to possess a firearm that was connected with interstate or foreign commerce. For you to find Defendant **Josean Domenech-Robles** guilty of this crime, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

**First**, that **Josean Domenech-Robles** has been convicted of a felony, which is a crime punishable by imprisonment for more than one year. The parties have stipulated that Defendant has been convicted of a felony. You are to take that fact as proven.

**Second**, that **Josean Domenech-Robles** knowingly possessed the firearm or ammunition described in the Indictment. Although you must unanimously find that the defendant possessed a firearm or a round of ammunition to convict him of Count One of the Indictment, you need not reach unanimous agreement as to which firearm or round of ammunition he possessed.

**Third**, that the firearm or ammunition was connected with interstate or foreign commerce. This means that the firearm or ammunition, at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the Indictment, need not have been in furtherance of any unlawful activity and need not have occurred while Defendant **Josean Domenech-Robles** possessed the firearm or ammunition.

The government does not have to prove that Defendant knew that his conduct was illegal.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "possess" means to exercise authority, dominion, or control over something. It is not necessarily the same as legal ownership.

On the other hand, mere presence with or proximity to a firearm, or association with another who possesses a firearm, is not enough to prove possession. Instead, the government must show some action, some word, or some conduct that links the individual to the firearm and indicates that he had some stake in it, some power over it.

## 21.    ELEMENTS OF THE OFFENSE – 18 U.S.C. § 922(K)

Defendant **Josean Domenech-Robles** is also charged with possessing a firearm in or affecting commerce with an obliterated or removed serial number. It is against federal law to possess a firearm with an obliterated or removed serial number that has been connected with interstate or foreign commerce. For you to find Defendant **Josean Domenech-Robles** guilty of this crime, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

**First**, that **Josean Domenech-Robles** knowingly possessed the firearm described in the Indictment;

**Second**, that the serial number was removed, obliterated, or altered at the time **Josean Domenech-Robles** possessed the firearm;

**Third**, that **Josean Domenech-Robles** knew that the serial number was removed, obliterated, or altered at the time he possessed the firearm; and

**Fourth**, that the firearm was connected with interstate or foreign commerce. This means that the firearm, at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the Indictment, need not have been in furtherance of any unlawful activity and need not have occurred while Defendant possessed the firearm.

The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.

A serial number is "altered" if the serial number is changed in a manner that makes it substantially more difficult to read; it need not make tracing the gun impossible or extraordinarily difficult.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "possess" means to exercise authority, dominion, or control over something. It is not necessarily the same as legal ownership.

On the other hand, mere presence with or proximity to a firearm, or association with another who possesses a firearm, is not enough to prove possession. Instead, the government must show some action, some word, or some conduct that links the individual to the firearm and indicates that he had some stake in it, some power over it.

## 22.    "ON OR ABOUT" EXPLAINED

You will note that the Indictment charges that the offenses were committed "<u>on or about</u>" a specified date.  The government does not have to prove that the crime was committed on any  specific date, so long as the government  proves beyond a reasonable doubt that the defendant  committed the crime on a date reasonably <u>near</u> the dates mentioned in the Indictment.

## 23.    FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations. When you retire, you will discuss the case with the other jurors to reach agreement, if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in the courtroom. Your verdict must be unanimous.

## 24.    CONSIDERATION OF THE EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you  in these instructions. Nothing that I have said or done is intended to suggest what your verdict  should be.  That is entirely for you to decide.

**25.    CONSIDER EACH COUNT SEPARATELY**

A separate crime is alleged against Defendant in each count of the Indictment. Each alleged offense, and any evidence pertaining to it, should be considered separately by the jury. The fact that you find Defendant guilty or not guilty of one of the counts charged should not control your verdict as to the other count charged.

You must give separate and individual consideration to each charge against Defendant.

## 26.    DUTY TO DELIBERATE

Any verdict must represent the considered judgment of each one of you.  In order to return  a verdict, it is necessary that each juror agree to it.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach  agreement if you can do so without violence to individual judgment. Each of you must decide the  case for yourself, but only after an impartial consideration of the evidence in the case with your  fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views  and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction  as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for  the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are the judges of the facts. Your  sole interest is to determine from the evidence in this case whether the government has proved its  case beyond a reasonable doubt.

## 27.    REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors. Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but, of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## 28.    COMMUNICATIONS WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.

If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

## 29.    RETURN OF VERDICT FORM

I want to read to you what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[Read form on next page]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.